IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSELITO ROMAN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 1636 |
| | ) | |
| v. | ) | JUDGE DER-YEGHIAYAN |
| | ) | |
| OFFICER MATTHEW SCOTT and | ) | MAGISTRATE DENLOW |
| JASON MOTYKA | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO STAY PROCEEDINGS**

Defendant Chicago Police Officers Matthew Scott and Jason Motyka (referred to as "Individual Defendants"), by and through their attorney, Le'Ora Tyree, Assistant Corporation Counsel for the City of Chicago, respectfully request this court to stay the proceedings in this matter until a final disposition is entered in Plaintiff's related felony criminal proceedings pending in the Circuit Court of Cook County, Criminal Division. In support of this motion, the Individual Defendants state as follows:

1. Plaintiff Joselito Roman filed his complaint in this matter on or about March 20, 2008.

2. On October 19, 2007, Plaintiff was arrested and charged with Possession of a Controlled Substance with intent to sell. *See* Arrest Report Attached as *Exhibit A*. This suit arises from an search conducted at 3809 W. Fullerton Ave. Chicago, IL on the 2nd Floor apartment by Individual Defendants while executing a search warrant. During the search, Individual Defendant found over 15 grams of cocaine, $95 U.S.C., one piece of mail addressed to Plaintiff at the location,

one electronic scale, and plastic bags used as narcotics packaging. Plaintiff alleges that he does not live on the 2nd Floor where the cocaine was found among other claims that are not clear at this time.

3.      As a result of this search, Plaintiff was charged with Possession of a Controlled Substance. The state criminal matter, *People v. Joselito Roman* - 07 CR 2321401, is still pending and the next status was continued to September 27 , 2008**.**

4.      Resolution of the criminal case may reduce or eliminate the number of issues to be litigated in this matter.  If Plaintiff is convicted on any of the criminal charges, that judgement will have a direct bearing on his due process and excessive force claims.

5.      This matter should be stayed since the outcome of the state criminal proceedings will have a direct impact on plaintiff's claims in this civil action.

6.      Such a stay is consistent with the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are judicial in nature, implicate important state interests, and offer an adequate opportunity for review of constitutional claims so long as no extraordinary circumstances exist which make abstention inappropriate.  *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002).  The *Younger* factors favor abstention here.  The state criminal case is judicial, the State of Illinois has a keen interest in ensuring those who violate its criminal laws are tried and punished, and the state criminal proceeding offers a venue in which Plaintiff Joselito Roman can raise his claims.  There are no extenuating circumstances to make abstention inappropriate.

7.      In *Simpson v. Rowan*, 73 F.3d 134 (7th Cir. 1995) the Seventh Circuit expressly adopted

the application of *Younger* abstention in such circumstances and held that a civil lawsuit should be stayed pending full resolution of the plaintiff's criminal case, including appeal of the criminal verdict to the Illinois Supreme Court:

> Even though the state trial has ended, however, Simpson's federal damage action raises constitutional issues that are potentially subject to adjudication in his appeal to the state supreme court. For instance, were Simpson to prevail on his federal damages action before the conclusion of the state supreme court proceedings, the resulting federal judgment might undermine the supreme court's consideration of Simpson's constitutional defenses to his criminal conviction. The policy against federal interference with pending state proceedings would thus be frustrated as much by a damages award as it would by either an injunction or a declaratory judgment. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process.

*Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). The "federal damage action" the court refers to is a § 1983 civil rights suit. *See id.* at 13.

8. Other practical concerns also warrant staying this matter. Were this matter to proceed, Plaintiff may invoke his Fifth Amendment right not to incriminate himself and refuse to answer certain questions in discovery. The Individual Defendants would suffer prejudice should Plaintiff refuse to fully respond to discovery. Staying this matter until resolution of Plaintiff's criminal case ensures discovery will eventually proceed without the difficulties and complexities created by the invocation of the Fifth Amendment.

9. Plaintiff will not suffer prejudice should this court grant a stay to these proceedings.

WHEREFORE, the Individual Defendants respectfully request this court to issue an order staying these proceedings until the conclusion of the criminal case of *People v. Joselito Roman*, 07 CR 2321401, and for any additional relief this court deems appropriate.

        Respectfully submitted,

        /s/ Le'Ora Tyree
        Le'Ora Tyree
        Assistant Corporation Counsel

City of Chicago Department of Law
30 N. La Salle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-1056
Attorney No. 06288669

### CERTIFICATE OF SERVICE

I, Le'Ora Tyree, hereby certify that I caused this notice and the attached document by causing it to be electronically served upon all counsel of record by filing the same before the Court via the ECF system on this 26th day of August, 2008.

        Respectfully submitted,

        LE'ORA TYREE
        CORPORATION COUNSEL
        CITY OF CHICAGO,

By:    /s/ Le'Ora Tyree
        LE'ORA TYREE
        Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-1056 Office
(312) 744-3989 Fax
Attorney No. 06288669